

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/30/2013

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 07-38591 |
| BAO Q NGUYEN § | CHAPTER 7 |
| § | |
| Debtor(s). § | JUDGE ISGUR |
| § | |
| § | |
| BAO Q NGUYEN § | |
| § | |
| Plaintiff(s), § | |
| § | |
| vs. § | ADVERSARY NO. 12-03408 |
| § | |
| RELIANT ENERGY RETAIL SERVICES, § | |
| LLC, *et al* § | |
| § | |
| Defendant(s). § | |

## MEMORANDUM OPINION

Reliant Energy Retail Services, LLC's Motion for Summary Judgment, (ECF No. 17), is denied.

Robinson Law Group, PLLC's Motion for Summary Judgment, (ECF No. 18), is denied.

### Background[1]

Bao Q Nguyen filed voluntary chapter 7 bankruptcy on December 13, 2007. (Case No. 07-38591, ECF No. 1).

Prior to filing for bankruptcy, Nguyen was doing business as Prime Dry Cleaners and Washateria. (ECF No. 1 at 3). Business was poor and Nguyen entered into a settlement agreement with his primary secured creditor, Comerica Bank, who had a security interest in all assets connected with the businesses. (ECF No. 1 at 3). Nguyen ceased operating effective

---

[1] A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

sometime between October-November 2007 and turned over all related assets, including the keys to the premises Nguyen leased. (ECF No. 19 at 2). Nguyen notified Reliant that he was closing down and advised them to discontinue the electricity services. (ECF No. 19 at 2).[2] The next month Nguyen filed this personal chapter 7 bankruptcy case.

Reliant Energy supplied Nguyen's businesses with electricity. This agreement was based on a prepetition contract between Nguyen and Reliant. (ECF No. 17 at 2). Nguyen had two accounts with Reliant Energy, Account No. 3011-1 and 3012-9. (ECF No. 1 at 4). Nguyen duly scheduled Reliant Energy as an unsecured creditor in the bankruptcy. (ECF No. 1-1).

Nguyen received a discharge on April 2, 2008. (Case No. 07-38591, ECF No. 14).

On December 17, 2008, the Robinson Law Group, on behalf of Reliant energy, sent Nguyen a letter demanding payment of $13,111.65 for electricity provided to Accounts 3011-1 and 3012-9. (ECF No. 1-3). Nguyen again informed Robinson and Reliant of the bankruptcy case after he received the demand letter. (ECF No. 1 at 4).

On June 18, 2012, the Robinson Law Group, on behalf of Reliant, filed a state court lawsuit against Nguyen seeking to recover $6,829.47, which it alleges was the balance owed on Account No. 3011-1. (ECF No. 17-2 at 3-5).

On July 12, 2012, Nguyen moved to reopen his bankruptcy case. (Case No. 07-38591, ECF No. 19). The Court granted this motion on August 3, 2012. (Case No. 07-38591, ECF No. 21).

Nguyen was advised by Reliant on July 17, 2012, that the state court lawsuit would not be pursued. (ECF No. 1 at 5). By this point Nguyen had expended a large amount in legal fees defending against the state court lawsuit and in attempting to reopen his bankruptcy case. (ECF

---

[2] Reliant and Robinson Law Group dispute this fact. However, the Court views the evidence in favor of the nonmovant. At the moment, the evidence on this issue consists solely of the parties' respective statements.

No. 1 at 5).

Nguyen alleges that he attempted to resolve this matter on two occasions after he filed the motion to reopen the bankruptcy but before he filed the adversary proceeding. (ECF No. 1 at 6). When these attempts proved unsuccessful, Nguyen filed this adversary proceeding on September 6, 2012. (ECF No. 1).

In this adversary proceeding, Nguyen alleges that Reliant and the Robinson Law Group violated the automatic stay and the discharge injunction by filing the state court lawsuit. (ECF No. 1 at 1). Nguyen seeks actual damages, punitive damages, legal fees, and expenses. (ECF No. 1 at 7).

Reliant and the Robinson Law Group filed Motions to Dismiss. (ECF Nos. 6, 11). After a hearing, Reliant and the Robinson Law Group refiled these pleadings as motions for summary judgment. (ECF Nos. 17-18). Nguyen responded in opposition but did not file a crossmotion for summary judgment. (ECF No. 19).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[3] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence

---

[3] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

The motions for summary judgment must be denied for at least three reasons.

The first reason is because the movants' evidence does not support the basis for their motions for summary judgment.

Both Reliant and the Robinson Law Group claim that they are entitled to summary judgment because the state court lawsuit sought payment of postpetition debts only and that, therefore, there was no violation of the automatic stay or discharge injunction. (ECF No. 17 at 2; No. 18 at 2). The movants argue that the state court lawsuit only sought payment for electricity provided between April 29, 2008 and September 3, 2008. (ECF No. 17 at 3; No. 18 at 3). Because this time period was after Nguyen received his chapter 7 discharge, Reliant alleges that it did not violate the discharge injunction or automatic stay by pursuing a postdischarge claim.

As evidence in support, they submitted a copy of the state court lawsuit, invoices from Reliant, and various affidavits.

The invoices undermine the movants' theory, as they clearly show that the state court lawsuit sought payment for periods before April 29, 2008. The earliest invoice attached to the state court complaint (covering the period from April 29, 2008 to May 28, 2008) lists a previous amount due of $2,917.47 and states that this amount is being carried forward. (ECF No. 17-2 at 16). The final invoice (covering the period of July 29, 2008, to September 3, 2008) states that $9,746.94 is the total owed on the account as of September 3, 2008. (ECF No. 17-2 at 8). Subtracting these two amounts provides a figure of $6,559.47 in charges for electricity for the period of April 29, 2008 to September 3, 2008.

The state court complaint, however, requested a judgment of $6,829.47 (plus interest, attorneys' fees, etc.). (ECF No. 17-2 at 5). Moreover, the state court complaint says that $6,829.47 is the amount *outstanding* on account 3011-1 as of September 3, 2008. The word outstanding indicates that it is taking into account all previous balances carried forward. This would necessarily include the $2,917.47 balance existing as of April 29, 2008 that was carried forward on the first invoice since the invoices show no payments were made on the account between Aril 29, 2008 and September 3, 2008. (ECF No. 17-2 at 8-18).

The movants have failed to demonstrate to the Court how these invoices support their argument. The invoices appear to undermine their argument, in fact. The probative value of the invoices far outweighs that of the affidavits simply averring that the state court lawsuit sought only postpetition amounts.

The movants may yet be able to reconcile these figures. This will await trial, however.

The motions for summary judgment failed to show that the state court lawsuit sought only to recover for electricity provided between April 29, 2008 and September 3, 2008. As this was the sole basis upon which the movants explicitly requested summary judgment, the motions must be denied.

The second reason relates to an implicit assumption in the motions for summary judgment for which the movants provide no legal support.

The movants argue that Nguyen's failure to terminate the contract with Reliant meant that they were entitled to continue postpetition to supply electricity and continue to charge Nguyen until he actively terminated the contract. (ECF No. 17 at 2; No. 18 at 2). For two reasons, this argument fails. First, this statement implies that Reliant's contract with Nguyen was not an executory contract automatically rejected under § 365(d)(1) after it was not assumed within 60 days of the order for relief. Second, any assumption would have been by the Estate, not by Nguyen. Perhaps Reliant is confusing Nguyen's ability to reaffirm debt with the Estate's ability to assume the contract. In any event, the contract was not reaffirmed and Nguyen has no liability under the contract. The absence of liability under the contract would not allow Nguyen to use Reliant's postdischarge electricity for free, but the obligation would not arise under the discharged contract.

The third reason is that there appears to be a genuine issue of material fact. Or, more accurately, the movants failed to demonstrate why a genuine issue of fact is not legally significant.

The parties dispute whether Nguyen advised Reliant prior to the bankruptcy that he was discontinuing his business and that Reliant should cease electricity services (or cease charging Nguyen for those electricity services). (ECF Nos. 17-18 at 2; No. 19 at 2). The movants have

failed to explain why, even if Reliant had such notice, Reliant's actions would not constitute a violation of the automatic stay or the discharge injunction. This is the only way in which the disputed fact would not be material. Reliant's failure to address this issue also necessitates a denial of the motions for summary judgment.

## Conclusion

The Court will enter a separate order in accordance with this Memorandum Opinion.

SIGNED **January 30, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE